11-4532
Jean v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand thirteen.

Present:     JOHN M. WALKER, JR.,
             ROBERT A. KATZMANN,
                     *Circuit Judges*,
             LORETTA A. PRESKA,
                     *District Judge*.*

————————————————————————————

FELIX JEAN,

                *Plaintiff-Appellant*,


             v.                                          11-4532

CITY OF NEW YORK, JOHN DOE 1, JOHN DOE
2, DANIEL HOWARD, DETECTIVE, SHIELD
NO. 02791, ANTOINE MALLOY, DETECTIVE,

                *Defendants-Appellees*.

————————————————————————————

For Plaintiff-Appellant:     Felix Jean, *pro se*, Elmont, N.Y.

For Defendants-Appellees:    Francis F. Caputo, Matthew J. Modafferi, and Karen M. Griffin,
                             *for* Michael A. Cardozo, Corporation Counsel of the City of New
                             York, New York, N.Y.

————————————————————

* The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Felix Jean, proceeding *pro se*, appeals from a September 22, 2011, Memorandum and Order of the United States District Court for the Eastern District of New York (Dearie, *J.*) granting summary judgment to the defendants on Jean's claims of false arrest, malicious prosecution, and false imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Reviewing the district court's decision *de novo*, we conclude that summary judgment was properly granted to the defendants. The record does not support Jean's assertion that various circumstances rendered unreasonable Detective Daniel Howard's determination that the victim had made credible allegations of sexual abuse. The victim's allegations were sufficient to establish probable cause, and "[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). Further, despite Jean's arguments to the contrary, Detective Howard was not required to investigate the matter further in order to make a valid arrest. *See Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006) (holding that an officer is not required to "explore and eliminate every plausible claim of innocence before making [a valid] arrest").

As to Jean's claim of false imprisonment, we follow "our normal practice with respect to § 1983 claims" and look to the law of the state where the violation allegedly occurred. *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). "In New York, the tort of false arrest is synonymous with that of false imprisonment." *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991).

2

Consequently, the same analysis that applies to Jean's false arrest claim is applicable to Jean's false imprisonment claim, and the district court properly granted judgment to the defendants on the latter claim as well.

With respect to Jean's malicious prosecution claim, the plaintiff presents no evidence that probable cause dissipated after the arrest. The claim of malicious prosecution was therefore properly dismissed. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (listing lack of probable cause among the elements of malicious prosecution). We are not required to reach the issue of whether the criminal charges against Jean terminated in his favor.

Finally, we consider Jean's argument that the district court was required to recuse itself for bias pursuant to 28 U.S.C. § 455(a). "[O]ur review of this issue is necessarily limited because plaintiff did not bring a motion for recusal below." *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 795 (2d Cir. 2002). "In the civil context . . . we reverse only if there has been fundamental error," which "is so serious and flagrant that it goes to the very integrity of the proceeding." *Id.* (internal brackets omitted). Here, whatever error, if any, by the district court judge did not rise to the required level.

We have considered Jean's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3